IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAVED ASHIQ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 124-230 |
| ) | |
| SHERIFF WHITTLE, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

I. BACKGROUND

According to publicly available records, Petitioner was charged by indictment dated September 19, 2024, with one count of exploitation and intimidation of a disabled adult, elder person, or resident, one count of unlawful telemarketing, internet activities, or home repair activities, and two counts of possession of a controlled substance. State v. Ashiq, Case No. 2024CR1193 (Columbia Cnty. Sup. Ct. Sept. 19, 2024), available at https://www.columbiaclerkofcourt.com (select "I Agree"; follow "Criminal Search" hyperlink; then search "Ashiq, Javed" last visited Dec. 20, 2024); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).  Petitioner is

represented in his state criminal proceedings by attorney Victor Mireles, and he entered a plea of not guilty on December 4, 2024.  Columbia Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Party Name" in Columbia Cnty. Sup. Ct.; then search for "Ashiq, Javed"; select 2024CR1193, select Filings, docket entries 11, 19; last visited Dec. 20, 2024 (hereinafter "Peachcourt Docket")).

Notably, Petitioner does not provide the details of the indicted charges in his petition but instead lists a case number associated with his arrest warrant, 24-012351.  (See doc. no. 1, p. 2; Peachcourt Docket, entry 7, p. 2.)  According to Petitioner, he should be released immediately because his due process rights, along with his right to counsel, were violated when he was booked into the Columbia County Jail and forced to sign a waiver of his right to a first appearance without counsel present.  (See generally doc. no. 1.)  Thus, he is challenging his "prosecution after due process violation." (Id. at 2.)  Petitioner states he filed a grievance with jail officials about the issue but received no response within the allotted ten-day response period.  (Id. at 2, 6.)  Petitioner, though represented by counsel in his underlying criminal proceedings, does not report pursuing any other appeals or challenges to his indictment and continued prosecution.

II.     DISCUSSION

   A.     Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies.  Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.  Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case);

Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Cherry v. Powell, No. 3:21cv1226/MCR/EMT, 2021 WL 5762774, at *2 (N.D. Fla. Nov. 3, 2021) (collecting cases and citations omitted), *adopted by*, 2021 WL 5760438 (N.D. Fla. Dec. 3, 2021). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in the Georgia state courts. Contrary to Petitioner's assertion "no other appeal avenues were available," (doc. no. 1, p. 3), Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts and/or Petitioner's on-going state proceedings are available for Petitioner to raise claims concerning his waiver of a right to a first appearance, as well as his right to have counsel present during events occurring in pretrial detention while awaiting trial. See Kemp v. State, 810 S.E.2d 515, 521 (Ga. 2018) (considering alleged violation of Sixth Amendment right to counsel on direct appeal); Capestany v. State, 656 S.E.2d 196, 197-99 (Ga. Ct. App. 2007) (challenging waiver of first appearance forms as violative of due process rights); Fortson v. State, 532 S.E.2d 102, 103-04 (Ga. 2000) (addressing challenge to right to

3

counsel at every critical stage in criminal prosecution after denial of motion to withdraw guilty plea); Taylor v. Chitwood, 471 S.E.2d 511, 512 (Ga. 1996) (considering pretrial habeas corpus petition based on alleged failure to hold timely first appearance). Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B. Younger Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Cherry, 2021 WL 5762774, at *3 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Petitioner has not argued his state proceedings are motivated by bad faith, let alone provided "substantial allegations" with evidentiary support for any such claim. See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment). Nor has Petitioner made any viable allegation of irreparable injury. See id. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply

it" or other unusual circumstances require equitable relief). Finally, Petitioner's ongoing state proceedings provide an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of December, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA